# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **TOMEKA RUFFIN, et al.,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **CIVIL ACTION NO.** |
| | * | _____ |
| **v.** | * | |
| | * | |
| **AMERICAN HONDA MOTOR** | * | |
| **CO., INC et al.,** | * | |
| | * | |
| **Defendants.** | * | |

### DEFENDANT AMERICAN HONDA MOTOR CO.'S NOTICE OF REMOVAL

Defendant, **AMERICAN HONDA MOTOR CO., INC.** ("AHM"), and under 28 U.S.C. § 1332, 1441, and 1446 give notice of its removal of the civil action *Tomeka Ruffin, et. al. v. American Honda Motor Co., Inc., et. al.,* Case No. 68-CV-2019-900079 filed in the Circuit Court of Jefferson County, Alabama, Bessemer Division, to the United States District Court for the Northern District of Alabama, Southern Division.  A copy of all prior pleadings filed in the Circuit Court of Jefferson County, Bessemer Division is attached as Exhibit A.  As grounds for this Notice, AHM states as follows:

1

I. **INTRODUCTION & BACKGROUND**

1. Plaintiff Tomeka Ruffin filed this lawsuit individually, and as mother and next friend of her three (3) minor children against Queneshia Breund Lindsey ("Lindsey"), Kameron Dion Ruffin ("Kameron Ruffin"), AHM, Honda Motor Co., Ltd. ("HMC"), Honda of America Mfg., Inc. ("HAM"), Honda R&D Co., Ltd. ("HRD")[1], and Fictitious Defendants, including Fictitious Defendant "A". *See* Exhibit A, Complaint.

2. AHM was served on February 15, 2019, and filed its Answer on April 23, 2019. *See* Exhibit A, AHM Service Return and Answer of AHM.

3. On April 24, 2019, Plaintiff filed a Motion for Voluntary Dismissal for all claims against Defendants Lindsey and Kameron Ruffin pursuant to ALA. R. CIV. P. 41. *See* Exhibit A, Motion for Voluntary Dismissal filed April 24, 2019.

4. The Circuit Court of Jefferson County, Bessemer Division, entered an Order granting Plaintiff's Motion for Voluntary Dismissal on April 24, 2019, and dismissed Plaintiff's claims against Defendants Lindsey and Kameron Ruffin. *See* Exhibit A, April 24, 2019 Order Granting Plaintiff's Motion for Voluntary Dismissal.

---

[1] AHM, Honda Motor Co., Ltd., Honda of America Mfg., Inc., and Honda R&D Co., Ltd. are sometimes collectively referred to as "Honda."

5. On May 16, 2019, Plaintiff filed a Motion for Voluntary Dismissal of all claims against Defendants HMC, HAM, and HRD pursuant to ALA. R. CIV. P. 41. *See* Exhibit A, Motion for Voluntary Dismissal filed May 16, 2019.

6. The Circuit Court of Jefferson County, Bessemer Division, entered an Order granting Plaintiff's Motion for Voluntary Dismissal on May 16, 2019, and dismissed Plaintiff's claims against Defendants HMC, HAM, and HRD. *See* Exhibit A, May 16, 2019 Order Granting Plaintiff's Motion for Voluntary Dismissal.

7. The Complaint alleges Plaintiff's minor children suffered injuries as a result of a motor vehicle accident that occurred on May 2, 2018, while occupants in a 2001 Honda Accord ("Subject Vehicle"). *See* Exhibit A, Complaint ¶ 15(a)-(c) and 79.

8. The Complaint does not allege a specific damage amount but brings a claim against AHM under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") and claims of negligence and wantonness. *See id.* ¶¶ 72-86. Plaintiff also seeks punitive damages. *See id.*

9. Count IV of the Complaint alleges liability under the AEMLD and specifically contends the Subject Vehicle "was defective in its design, manufacturer and/or the warnings that accompanied it." *See id.* ¶ 77.

10. Count V of the Complaint alleges Honda was negligent "in the design, manufacture, testing, warnings, distribution, sale and/or failure to recall" the Subject Vehicle. *See id.* ¶ 81.

11. Count VI of the Complaint alleges Honda was wanton "in the design, manufacture, testing, warnings, distribution, sale and/or failure to recall" the Subject Vehicle. *See id.* ¶ 81.

12. As originally filed, the underlying action was not removable under 28 U.S.C. § 1441(a) because "original jurisdiction" was lacking. The Complaint included exclusively state-law claims and diversity of citizenship was lacking between Plaintiff and former Defendants Lindsey and Kameron Ruffin, both of whom were Alabama citizens. *See* Exhibit A, Complaint ¶¶ 2-3.

13. As result of Plaintiff's voluntary dismissal of former Defendants Lindsey and Kameron Ruffin, complete diversity now exists between Plaintiff, an Alabama Citizen, and AHM, a citizen of California.

II. **GROUNDS FOR REMOVAL**

14. This case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. This Court has original jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332, and under 28 U.S.C. § 1441(b), because diversity of citizenship exists between Plaintiff and AHM and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.   THE REMAINING PARTIES ARE DIVERSE

15.   Plaintiff is a citizen of Alabama. *See id.* ¶ 1.

16.   The Complaint alleges AHM is believed to be a foreign corporation. *See id.* ¶ 4. AHM is now, and was at the time the Complaint was filed, a California corporation with its principal place of business in California. Therefore, AHM is deemed a citizen of California for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

17.   Fictitious Defendants, including Fictitious Defendant A, citizenship should be disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b).

18.   The only parties to this action at this time are the Plaintiff, a citizen of Alabama, and AHM, a citizen of California. The diversity-destroying citizenship of former Defendants Lindsey and Kameron Ruffin are now immaterial due to the fact Plaintiff voluntarily dismissed them. *See Insinga v. LaBella*, 845 F. 2d 252 (11th Cir. 1988); *Barron v. Werner Enters., Inc.,* 462 F. Supp. 2d 1217, 1219 (M.D. Ala. 2006) ("Under the voluntary-involuntary rule, a case can be removed under diversity jurisdiction 'if the resident defendant was dismissed from the case by a voluntary act of the plaintiff, but if the dismissal was the result of either the defendant's or the court's action against the wish of the plaintiff, the case could not be removed.'" (*quoting Weems v. Louis Dreyfus Corp.,* 380 F. 2d 545, 546 (5th Circ. 1967). Therefore, complete diversity exists between the only remaining parties to this action.

### B.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

19.     Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott*, 77 F.3d at 1357). "In cases where plaintiff has made such an unspecified damages demand, 'a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer.'" *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1301 (M.D. Ala. 1999) (quoting *Tapscott*, 77 F.3d at 1356-57). "In *some* cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe*, 613 F.3d at 1061 (emphasis added) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010)). In other cases, however, it may be "facially apparent" from the pleading itself, or "readily deducible from them," that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages. *Id*. (first quote quoting *Pretka*, 608 F.3d 744); *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 998 (M.D. Ala. 2009), *aff'd,* 613 F.3d 1058 (11th Cir. 2010) (second quote quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007)).

20. "If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim . . . ." *Roe*, 613 F.3d at 1061. Rather, the district court should make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint. . . establishes the jurisdictional amount.'" *See id.* at 1061-62 (quoting *Pretka*, 608 F.3d at 754, 770).

21. Here, Plaintiff claims Honda (a) designed, manufactured, warned, distributed and/or sold the Subject Vehicle in a defective and unreasonably dangerous condition that proximately caused injuries to Plaintiff's three (3) minor children (b) wantonly designed, manufactured, tested, warned, distributed, sold, and/or failed to recall the Subject Vehicle proximately resulting in injuries to Plaintiff's two (2) minor children. *See* Complaint, ¶¶ 72-77, 83-85. Based on this alleged conduct, Plaintiff seeks compensatory and punitive damages together and separately on behalf of her two (2) minor children. In the event Plaintiff prevails based on these allegations, the punitive damages award to punish wantonness—or "[c]onduct which is carried on with a reckless or *conscious disregard of the rights*

7

*or safety of others*"[2]—and deter other vehicle designers, manufacturers, distributors, and/or sellers from such conscious disregard would certainly be in excess of $75,000.

22. Here, Plaintiff alleges the minor Plaintiffs suffered severe injuries, including physical pain and emotional distress. Plaintiff alleges two (2) of her minor children were injured by glass getting into their eyes resulting in serious and permanent injuries and, blindness in one eye to one minor. Plaintiff also claims the two (2) minor children will suffer extreme physical pain and emotional distress the rest of their lives. Plaintiff also seeks compensatory and punitive damages on behalf of her minor children. *See* Exhibit A, Complaint ¶¶ 15(a)-(c), 79, and *ad damnum* clauses in Counts IV, V, and VI.

23. It is "crystal clear" that "at the moment a state court plaintiff seeks unspecified damages of various kinds, such as punitive damages, or emotional distress, or attorneys' fees, the claim automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C. § 1332." *Jones v. Hartford Fire Ins. Co.*, 2013 WL 550419, at *1 (N.D. Ala. Feb. 7, 2013) (citing *Smith v. State Farm Fire & Casualty Company*, 868 F.Supp.2d 1333 (N.D. Ala. 2012)); *Tucker v. Northbrook Indem. Co.*, 2013 WL 5961095, at *1 (N.D. Ala. Nov. 7, 2013) ("The 'legal

---

[2] Ala. Code § 6-11-20(b)(3). (emphasis added)

certainty' that there could not be sufficient punitive damages to take the recovery beyond $75,000 is virtually impossible to demonstrate.").

> In *Smith*, the Court stated:
>
> The court is willing to go so far as to inform plaintiffs ... who want to pursue claims against diverse parties in a state court seeking unspecified damages…, such as punitive damages …, [that they] must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more.

*Smith*, 868 F.Supp.2d at 1335.

24. "Where there is the reasonable possibility of an award of punitive damages greater than the jurisdictional minimum, as the court may determine from its 'judicial experience and common sense,' removal is proper." *Taylor v. Alabama CVS Pharmacy, L.L.C.*, 2017 WL 3009695, at *2 (N.D. Ala. July 14, 2017) (quoting *Roe*, 613 F.3d at 1065).

25. Because Plaintiff seeks punitive damages, it is "facially apparent" that the amount in controversy exceeds $75,000.00. *See* Complaint, at *ad damnum* clauses.in Counts IV, V, and VI.

26. Accordingly, the amount in controversy is satisfied. *See* 28 U.S.C. § 1332.

## III. THE PROCEDURAL REQUIREMENTS ARE SATISFIED

27. Because §1332 jurisdiction now exists, this case is removable to the United States District Court for the Norther District of Alabama, Southern Division,

pursuant to §1441(a). Defendants' removal is timely filed within thirty (30) days of receiving the Circuit Court's April 24, 2019 order dismissing the non-diverse Defendants, and within one (1) year of the commencement of this action. *See* 28 U.S.C. § 1446(b) and (c).

28. The Circuit Court of Jefferson County, Alabama, Bessemer Division, the state court in which this action was filed, is within the jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division. *See* 28 U.S.C. §§1446(a), 1441(a).

29. A copy of all records and proceedings from the state court record, including a copy of all process, pleadings, and discovery served upon the Defendants are attached as required by 28 U.S.C. §§1446(a). *See* Exhibit A.

30. Written notice of the filing of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being promptly filed in the Circuit Court of Jefferson County, Alabama, Bessemer Division, where the action was pending. *See* 28 U.S.C. §§1446(d).

31. AHM has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, AHM respectfully moves the State Court action from the Circuit Court of Jefferson County, Alabama, Bessemer Division, to this Court under §§ 1332, 1441, and 1446.

                                        s/ *J. Patrick Strubel*
                                        H. Lanier Brown, II (BRO067)
                                        J. Patrick Strubel  (STR060)
                                        Attorneys for Defendant
                                        AMERICAN HONDA MOTOR CO., INC.

**OF COUNSEL:**
WATKINS & EAGER PLLC
Saks Building
1904 First Ave. North, Ste 300
Birmingham, Alabama 35203
T: (205) 598-2100
F: (205) 449-1750
LBrown@watkinseager.com
Pstrubel@watkinseager.com

# CERTIFICATE OF SERVICE

     I hereby certify that I served the foregoing I served the above and foregoing CM/ECF filing and/or electronic mail on the following counsel of record on **May 22, 2019**.

Benjamin L. Locklar
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
218 Commerce Street
Montgomery, AL 36103
Ben_locklar@beasleyallen.com
*Attorney for Plaintiffs*

                                        s/ *J. Patrick Strubel*
                                        OF COUNSEL